UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LORI E. TERRELL,

    Plaintiff,

VS.                                              No. 17-2085-STA-dkv

STATE OF TENNESSEE
DEPARTMENT OF MENTAL
HEALTH & SUBSTANCE ABUSE
SERVICES, et al.,

    Defendants.

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

    Plaintiff Lori E. Terrell filed this action on February 6, 2017, along with a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On February 9, 2017, the Court denied the motion and directed Plaintiff to pay the fill $400 civil filing fee. (ECF No. 7.) Plaintiff was warned that failure to do so would result in dismissal of the action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. (*Id.* at p. 2.)

    Plaintiff has not paid the filing fee within the requisite time or taken any other action in this matter. Accordingly, the complaint is hereby **DISMISSED** for failure to prosecute.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[1] Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the District Court, along with a supporting affidavit.[2] However, Rule 24(a) also provides that if the District Court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.[3]

The good faith standard is an objective one.[4] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[5] The same considerations that lead the Court to grant dismiss the action also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[6]

---

[1] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[2] Fed. R. App. P. 24(a)(1).

[3] Fed. R. App. P. 24(a)(4)-(5).

[4] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[5] *Id.*

[6] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.

The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date:  April 5, 2017